**FILED**

NOV 1 4 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Chelsea E. MANNING<br>1300 North Warehouse Road,<br>Fort Leavenworth, KS 66027-2304,<br>Plaintiff, | )<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| The Honorable James R. CLAPPER,<br>Director of National Intelligence,<br>725 17th Street NW,<br>New Executive Office Building,<br>Washington, DC 20503, | )<br>)<br>)<br>)<br>) |
| The Honorable Loretta E. LYNCH,<br>Attorney General,<br>950 Pennsylvania Avenue NW,<br>Washington DC 20530, | )<br>)<br>)<br>) |
| U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW,<br>Washington DC 20530, | )<br>)<br>) |
| The Honorable James B. COMEY,<br>Director,<br>Federal Bureau of Investigation,<br>935 Pennsylvania Avenue NW,<br>Washington, DC 20535 | )<br>)<br>)<br>)<br>) |
| FEDERAL BUREAU OF INVESTIGATION,<br>935 Pennsylvania Avenue NW,<br>Washington, DC 20535, | )<br>)<br>) |
| The Honorable Ashton B. CARTER,<br>Secretary of Defense,<br>1000 Defense Pentagon,<br>Washington, DC 20301-1000 | )<br>)<br>)<br>) |
| U.S. DEPARTMENT OF DEFENSE,<br>1400 Defense Pentagon,<br>Washington, DC 20301-1400 | )<br>)<br>)<br>)<br>) |

Case: 1:16-cv-02307
Assigned To : Cooper, Christopher R.
Assign. Date : 11/14/2016
Description: Pro Se Gen. Civil

1

```
                                                    )
Admiral Michael T. ROGERS,                          )
        Director, National Security Agency,          )
        Chief, Central Security Service,             )
        Commander, U.S. Cyber Command,              )
        9800 Savage Road,                            )
        Fort Meade, MD 20755-6000,                  )
                                                    )
NATIONAL SECURITY AGENCY,                           )
        9800 Savage Road,                            )
        Fort Meade, MD 20755-6000,                  )
                                                    )
UNITED STATES of AMERICA,                           )
        Defendants.                                  )
_____             )
```

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      This is an action filed by Plaintiff Chelsea E. Manning seeking declaratory and injunctive from Defendants.   Plaintiff was subjected clandestine and intrusive electronic surveillance and physical searches, including computer network exploitation and a simulated terrorist attack, kidnapping, and hostage situation, conducted by Defendants.   She brings this action seeking redress for being subjected to multiple violations of the U.S. Constitution which were initiated by the Defendants.

## NATURE OF ACTION

2.      This action seeks declaratory and injunctive relief to redress Defendants' applications and execution of orders approved by the Foreign Intelligence Surveillance Court.

3.      Defendants have violated the U.S. Constitution by violating Plaintiff's rights to freedom of speech, freedom of association, to petition the government for redress, to be secure against unreasonable searches and seizures, due process, and to have cruel and unusual punishments inflicted.

4.      Defendants conducted clandestine and intrusive electronic surveillance and physical searches involving the Plaintiff without valid grounds or reasonable probable cause. Defendants also used unorthodox means to conduct electronic surveillance and physical searches involving the Plaintiff, including computer network exploitation of personal computers and handheld communication devices, and simulating a terrorist attack, kidnapping, and hostage situation.

## JURISDICTION

5.      This Court has subject matter jurisdiction for this action pursuant to 28 U.S.C. § 1331, because this complaint arises under the U.S. Constitution.

6.      The request for declaratory relief is made pursuant to 28 U.S.C. § 2201, due to an actual controversy existing between Plaintiff and Defendants over rights guaranteed by the U.S. Constitution.

7.      This Court also has personal jurisdiction over each of the Defendants, all of whom are sued acting in their official capacities.

## VENUE

8.      Venue for this action is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(A) because at least one of the Defendants in this action officially resides in this district and, pursuant to 28 U.S.C. § 1391(e)(1)(B), because a substantial part of the acts or omissions in the Plaintiff's claim occurred in this district.

## PARTIES

9.      Plaintiff Chelsea E. Manning is a U.S. citizen.  She is a former member of the U.S. Intelligence Community (IC) and a former intelligence analyst for the U.S. Army under Defendant Department of Defense.

10.     Defendant James R. Clapper is the Director of National Intelligence (DNI). Director Clapper serves as the head of the U.S. Intelligence Community (IC), acts as President of the National Security Council and Homeland Security Council for intelligence matters related to national security, and oversees and directs the National Intelligence Program pursuant to 50 U.S.C. § 3023(b).  He is responsible for the IC and its compliance with federal law, and regulations promulgated under such laws, including the laws at issue in this action.  He is made a party to this action pursuant to F.R. Civ. P. Rule 4(i) acting in his official capacity as the DNI.

11.     Defendant Lorretta E. Lynch is the U.S. Attorney General.  Attorney General Lynch serves as the head of the Department of Justice (DoJ) pursuant to 28 U.S.C. § 503.  She is responsible for the DoJ and its components and agencies, and their compliance with federal law, and regulations promulgated under such laws, including the laws at issue in this action.  She is made a party to this action pursuant to F.R. Civ. P. Rule 4(i) acting in her official capacity as the Attorney General.

12.     Defendant Department of Justice is an Executive Department of the U.S. government pursuant to 28 U.S.C. § 501.

13.     Defendant James B. Comey is the Director of the Federal Bureau of Investigation (FBI).   Director Comey serves as the head of Defendant Federal Bureau of Investigation pursuant to 28 U.S.C. § 532. He is responsible for the FBI and its compliance with federal law, and regulations promulgated under such laws, including the laws at issue in this action.  He is made a party to this action pursuant to F.R. Civ. P. Rule 4(i) acting in his official capacity as the Director of the FBI.

14.     Defendant Federal Bureau of Investigation is a component of Defendant Department of Justice pursuant to 28 U.S.C. § 532. The FBI is the investigative component of

the DoJ.   The FBI conducts and oversees domestic intelligence collection, investigations, analysis, and counterintelligence operations.

15.   Defendant Ashton B. Carter is the Secretary of Defense.  Secretary Carter is the head of Defendant Department of Defense pursuant to 10 U.S.C. § 113.  Secretary Carter has authority, direction, and control over the DoD pursuant to 10 U.S.C. § 113(b).  He is responsible for the DoD and its military departments, components and agencies, and their compliance with federal law, and regulations promulgated under such laws, including the laws at issue in this action.  He is made a party to this action pursuant to F.r. Civ. P. Rule 4(i) acting in his official capacity as Secretary of Defense.

16.   Defendant Department of Defense is an Executive Department of the U.S. government pursuant to 10 U.S.C. § 111.  The DoD oversees and conducts operations in support of the national defense for the U.S. government.   The DoD consists of several military departments, components and agencies, including the NSA, CSS, and CYBERCOM.

17.   Defendant Admiral Michael T. Rogers is the Director of the National Security Agency (NSA), the Chief of the Central Security Service (CSS), and Commander U.S. Cyber Command (CYBERCOM).  Admiral Rogers is the head of Defendant National Security Agency pursuant to 50 U.S.C. § 3602.  He is also the Commander of CYBERCOM under Defendant Department of Defense.  He is responsible for the NSA, CSS, and CYBERCOM, and their compliance with federal law, and regulations promulgated under such laws, including the laws at issue in this action.  He is made a party to this action pursuant to F.r. Civ. P. Rule 4(i) acting in his official capacity as Director of the NSA, the Chief of the CSS, and Commander of CYBERCOM.

18.     Defendant National Security Agency is a component of Defendant Department of Defense pursuant to 50 U.S.C. § 3601.  The NSA conducts signal and electronic intelligence collection, and provides cryptography and cryptanalysis services for the U.S. government.

19.     Defendant United States of America is made a party to this action pursuant to 5 U.S.C. § 702.

## FACTUAL ALLEGATIONS

### *Background of the Plaintiff*

20.     Plaintiff was born in the United States, and is a citizen of the United States by natural birth.  Therefore, she is considered a "U.S. person pursuant to 50 U.S.C. § 1801(i).

21.     Plaintiff is a former member of the IC.  She was an all source intelligence analyst for the U.S. Army.

22.     Plaintiff operated in an official capacity under the authority of Defendant Department of Defense provided by section 1.7.(f) of Executive Order 12333 and the National Security Act of 1947 as amended, 50 U.S.C. § 3001  *et seq.*, between August 2008 and May 2010.

23.     Plaintiff was granted a TOP SECRET/Sensitive Compartmentalized Information (TS/SCI) security clearance by Defendant Department of Defense between January 2009 and May 2010.

24.     Plaintiff deployed to Baghdad, Iraq in October 2009, serving as an intelligence analyst in various capacities for Defendant Department of Defense.  She regularly utilized her TS/SCI clearance with daily, routine access to records in support of her position.

25.     Plaintiff has intimate knowledge and experience with the application process and execution of the provisions of section 1.7.(f) of Executive Order 12333 and the Foreign Intelligence Surveillance Act of 1978 (FISA), 50 U.S.C. § 1801 *et seq.*

26.     Plaintiff was ordered into confinement on May 27, 2010 by the U.S. Army and Defendant Department of Defense for numerous offenses related unlawful disclosure of information.

27.     Plaintiff was brought before a trial by general court-martial on June 3, 2013. She was acquitted of charges in part, and convicted of charges in part on July 30, 2013. She was sentenced to serve thirty-five years in prison on August 21, 2013.

28.     Plaintiff was transferred to the U.S. Disciplinary Barracks (USDB), a joint military prison in Fort Leavenworth, Kansas, on August 22, 2013. She currently remains incarcerated at the USDB, and in the custody of Defendant Department of Defense.

29.     Plaintiff petitioned for a legal name change before the District of Leavenworth County, Kansas. Her petition was granted and her name was changed from Bradley Edward Manning to Chelsea Elizabeth Manning on April 23, 2014.

30.     Plaintiff maintains limited access to classified information under a security clearance pursuant to the Classified Information Procedures Act of 1980, 18 U.S.C. Appx. IV § 1 *et seq.*

31.     Plaintiff is not an agent of a foreign power as defined by § 101(b)(2) of FISA, 50 U.S.C. § 1801(b)(2).

32.     Plaintiff is an aggrieved person as defined by § 101(k) of FISA, 50 U.S.C. § 1801(k).

*Background of the Foreign Intelligence Surveillance Act*

33.     The Foreign Intelligence Surveillance Act of 1978 (FISA) as amended, 50 U.S.C. §§ 1801 *et seq.*, established a special court system to review applications submitted *ex parte* by the U.S. government for orders relating to the collection of foreign intelligence, both domestically and abroad, by different clandestine or covert means.

34.     Pursuant to § 103(a)(1) of FISA, 50 U.S.C. § 1803(a)(1), the Foreign Intelligence Surveillance Court (FISC) is composed of 11 district court judges chosen by the Chief Justice of the U.S. Supreme Court from at least seven different judicial circuits.

35.     The FISC can review any applications by the U.S. government involving U.S. citizens that are identified as agents of a foreign power under § 101(b)(2) of FISA, 50 U.S.C. § 1801(b)(2).

36.     An appellate court, the Foreign Intelligence Surveillance Court of Review (FISCR) is established under § 103(a)(2) of FISA, 50 U.S.C. § 1803(a)(2).  FISCR reviews decisions by the FISC judges that are appealed *ex parte* by the U.S. government for any applications that are denied.

*Electronic Surveillance under Title I of FISA*

37.     Under Title I of FISA, 50 U.S.C. §§ 1801 *et seq.*, electronic surveillance has four related definitions under § 101(f) of FISA, 50 U.S.C. § 1801(f).  However these definitions generally cover only passive methods of collecting foreign intelligence information by electronic means.

38.     Applications for electronic surveillance submitted under Title I of FISA, 50 U.S.C. §§ 1801 *et seq.*, require an officer of the U.S. government to provide the identity, if known, or a description of a specific target under § 104(a)(2) of FISA, 50 U.S.C. § 1804(a)(2).

39.     Additionally, applications for electronic surveillance require a senior U.S. government official, under of § 104(a)(6) of FISA, 50 U.S.C. § 1804(a)(6), to specify one of the types of foreign intelligence information being sought in § 101(e) of FISA, 50 U.S.C. § 1801(e).

40.     The certifying official for the application must also state under § 104(a)(6) of FISA, 50 U.S.C. § 1804(a)(6), also that a significant purpose of seeking the information sought is to obtain foreign intelligence information, and that such information cannot reasonably obtained by normal investigative techniques.

41.     Lastly, pursuant to § 104(d) of FISA, 50 U.S.C. § 1801(d),  the application must be subjected to a personal review by either Defendant Attorney General Lynch, or on her behalf by the Acting Attorney General, the Deputy Attorney General, or the Assistant Attorney General for National Security.

42.     Assistant Attorney General John P. Carlin is the current Assistant Attorney General for National Security, as specified under 28 U.S.C. § 507A, who normally acts as the certifying official under § 104(d) of FISA, 50 U.S.C. § 1801(d), on behalf of Defendant Lynch.

43.     Normally, after review by the FISC, an order is issued by the FISC judge approving the electronic surveillance under § 105 of FISA, 50 U.S.C. § 1805.

44.     Pursuant to § 105(a)(2)(A) of FISA, 50 U.S.C. § 1805(a)(2)(A), the FISC order provides findings that there is probable cause to believe that the target of the electronic surveillance is a foreign power or an agent of a foreign power as defined by § 101(b) of FISA, 50 U.S.C. § 1801(b).

45.     However, no U.S. person as defined by § 101(i) of FISA, 50 U.S.C. § 1801(i), should be considered for electronic surveillance under § 105(a)(2)(A) of FISA, 50 U.S.C. §

1805(a)(2)(A), as a foreign power or an agent of a foreign power as defined by § 101(b) of FISA, 50 U.S.C. § 1801(b), for activities protected by the First Amendment of the U.S. Constitution.

46.     Orders for electronic surveillance shall provide the duration of the order for any period necessary to execute the order up to 90 calendar days under § 105(d)(1) of FISA, 50 U.S.C. § 1805(d)(1).

47.     Pursuant to § 106(f) of FISA, 50 U.S.C. § 1806(f), when an approved order for electronic surveillance is challenged by an aggrieved person as defined by § 101(k) of FISA, 50 U.S.C. § 1801(k), any information obtained by, or contained within, the application and order can be ordered by a U.S. district court to be submitted *ex parte* and reviewed *in camera*.

*Physical Searches under Title III of FISA*

48.     Under Title III of FISA, 50 U.S.C. §§ 1821 *et seq.*, a physical search is defined by § 301(5) of FISA, 50 U.S.C. § 1821(5), as any physical intrusion within U.S. territory into locations that result in a seizure, reproduction, inspection, or alteration of information, material, or property.

49.     Each application for a physical search submitted under Title III of FISA, 50 U.S.C. §§ 1821 *et seq.*, requrise an officer of the U.S. government to provide the identity, if known, or a description of a specific target under § 303(a)(2) of FISA, 50 U.S.C. § 1823(a)(2).

50.     Additionally, applications for physical searches require a senior U.S. government official, under of § 303(a)(6) of FISA, 50 U.S.C. § 1823(a)(6), to specify one of the types of foreign intelligence information being sought in § 101(e) of FISA, 50 U.S.C. § 1801(e).

51.     The certifying official for the application for a physical search must also state under § 303(a)(6) of FISA, 50 U.S.C. § 1823(a)(6), that a significant purpose of the application

10

is to obtain foreign intelligence information, and that such information cannot reasonably obtained by normal investigative techniques.

52.     Lastly, pursuant to § 303(d) of FISA, 50 U.S.C. § 1823(d),  the application for a physical search must be subjected to a personal review by either Defendant Attorney General Lynch, or on her behalf by the Acting Attorney General, the Deputy Attorney General, or the Assistant Attorney General for National Security.

53.     After a review by the FISC, an order is typically issued by the FISC judge approving the physical search under § 304 of FISA, 50 U.S.C. § 1824.

54.     Pursuant to § 304(a)(2)(A) of FISA, 50 U.S.C. § 1824(a)(2)(A), the FISC order provides findings that there is probable cause to believe that the target of the physical search is a foreign power or an agent of a foreign power as defined by § 101(b) of FISA, 50 U.S.C. § 1801(b).

55.     U.S. persons, as defined by § 101(i) of FISA, 50 U.S.C. § 1801(i), may not be considered for physical searches under § 304(a)(1)(A) of FISA, 50 U.S.C. § 1824(a)(2)(A), as a foreign power or an agent of a foreign power, as defined by § 101(b) of FISA, 50 U.S.C. § 1801(b), for activities protected by the First Amendment of the U.S. Constitution.

56.     Physical search orders should provide the duration for only the period necessary to execute the order up to 90 calendar days under § 304(d)(1) of FISA, 50 U.S.C. § 1824(d)(1).

57.     Pursuant to § 305(g) of FISA, 50 U.S.C. § 1825(g), when an approved order for a physical search is challenged by an aggrieved person, as defined by § 101(k) of FISA, 50 U.S.C. § 1801(k), any information that was obtained by, or contained within, the application and order can be ordered by a U.S. district court to be submitted *ex parte* and reviewed *in camera*.

*Applications under Titles I and III involving the Plaintiff*

58.    At some point prior to October 3rd, 2016, a lawyer from the National Security Division (NSD) of Defendant Department of Justice filed applications to the FISC involving the Plaintiff.

59.    The applications submitted by the DoJ were for electronic surveillance and physical searches involving the Plaintiff under Titles I and Title III of FISA, 50 U.S.C. §§ 1801 *et seq.*, 1821 *et seq.*

60.    The application involving the Plaintiff were certified pursuant to §§ 104(d) and 303(d) of FISA, 50 U.S.C. §§ 1801(d) and 1823(d), on behalf of Defendant Attorney General Lynch, by the Assistant Attorney General for National Security, John P. Carlin.

61.    More applications and extensions of approved orders involving the Plaintiff under both Titles I and III of FISA, 50 U.S.C. §§ 1801 *et seq.*, 1821 *et seq.*, may have been filed since October 4th, 2016.

62.    There still may be more applications and extensions of approved orders submitted by Defendant Department of Justice and certified by Defendant Attorney General Lynch that involve the Plaintiff under both Titles I and III of FISA, 50 U.S.C. §§ 1801 *et seq.*, 1821 *et seq.*

63.    At least some of the approved orders involving the Plaintiff by FISC based on applications submitted by Defendant Department of Justice and certified by Defendant Attorney General Lynch have now been executed in whole and in part.

64.    The Plaintiff is not, and has not been, officially notified of any applications or orders approved or denied by FISC.

65.     The Defendants have violated the Plaintiff's right to due process of law by submitting applications involving the Plaintiff under both Titles I and III of FISA, 50 U.S.C. §§ 1801 *et seq.*, 1821 *et seq.*

*Physical Searches under Title III involving the Plaintiff*

66.     Beginning on October 3rd, 2016, multiple clandestine physical searches started being conducted at the U.S. Disciplinary Barracks in Fort Leavenworth, Kansas.

67.     These physical searches were approved pursuant to Title III of FISA, 50 U.S.C. §§ 1821 *et seq.*, by orders, applied for by Defendant Department of Justice and certified by Defendant Attorney General Lynch, involving the Plaintiff.

68.     The physical searches at the U.S. Disciplinary Barracks involving the Plaintiff were conducted by some officials under Defendant Department of Defense, and some officials under Defendant Federal Bureau of Investigation.

69.     The physical searches involving the Plaintiff were conducted under a cover story.

70.     The cover story for the physical searches involving the Plaintiff began with the loss of a tool, specifically a chisel, from a toolbox near Plaintiff's work area in the U.S. Disciplinary Barracks Vocational Wood Shop.

71.     This cover story allowed the Defendants Department of Defense and Federal Bureau of Investigation to intensively search multiple prisoners' cells at a rate far above the standard operating procedure for the prison.

72.     The physical search involving the Plaintiff, included the Plaintiff's cell, O-227, at the U.S. Disciplinary Barracks.

73.     Multiple items were taken during the physical search involving the Plaintiff.

74.     The items taken during the physical search involving the Plaintiff included three used spoons, a used comb, and a conventional non-scientific calculator.

75.     The Defendants violated the Plaintiff's right to be free from unreasonable searches and seizures by taking Plaintiff's items from her cell under the FISC order approved pursuant to Title III of FISA, 50 U.S.C. §§ 1821 *et seq.*

76.     The Defendants also violated the Plaintiff's right to due process of law by taking Plaintiff's items from her cell under the FISC order approved pursuant to Title III of FISA, 50 U.S.C. §§ 1821 *et seq.*

77.     Another physical search involving the Plaintiff occurred on October 10th and 11th, 2016.

78.     The physical search involving the Plaintiff conducted on at approximately 6:00 P.M. through 8:00 A.M. on October 10th and 11th, 2016.

79.     The physical search involving the Plaintiff involved multiple federal agents from the Counterespionage Unit (CES) of the Washington Field Office (WFO) for Defendant Federal Bureau of Investigation.

80.     The physical search involving the Plaintiff was supervised by at least one lawyer, Deborah Curtis, from the Counterespionage Section of NSD under Defendant Department of Justice.

81.     The cover story for this physical search involving the Plaintiff was a simulated terrorist attack and prison breakout for the Plaintiff at the U.S. Disciplinary Barracks.

82.     Multiple undercover federal agents for the WFO conducted the simulated terrorist attack, and enticed the Plaintiff to escape from her prison cell.

83.     The situation evolved into a kidnapping and hostage situation after Plaintiff refused to cooperate with the undercover agents for Defendant Federal Bureau of Investigation.

84.     This cover story for this physical search involving the Plaintiff would allow Defendant Federal Bureau of Investigation to physically obtain, modify and alter any information it sought from the Plaintiff and her cell.

85.     However, no information was obtained from this physical search involving the Plaintiff, as she did not cooperate with the cover story.

86.     Plaintiff suffered severe physical illness inflicted by the Defendants during the physical search.

87.     Plaintiff also suffered severe psychological and emotional injury by the Defendants during the physical search.

88.     Defendants violated the Plaintiff's right to be free from cruel and unusual punishments by conducting this physical search.

89.     Yet another physical search involving the Plaintiff and an associate occurred at approximately 9:45 P.M. to 10:00 P.M. on November 3rd, 2016.

90.     This physical search occurred while Plaintiff was having a telephonic conversation with her associate.

91.     The Plaintiff's associate was using a personal handheld device, or "smart phone," to communicate with the Plaintiff.

92.     The physical search involving the Plaintiff and her associate occurred during electronic surveillance approved under Title I of FISA, 50 U.S.C. §§ 1801 *et seq.*

93.     The physical search involving the Plaintiff and her associate occurred consisted of an electronic intrusion using computer network exploitation (CNE), or "hacking," methods

conducted by Defendants Secretary Carter, Department of Defense, Admiral Rogers, National Security Agency, Director Comey, and Federal Bureau of Investigation.

94.     The CNE methods employed by Defendants under the approved physical search interfered with the Plaintiff and her associate's phone call.

95.     The unconventional termination of the phone call by the Defendants during the physical search involving the Plaintiff caused the Plaintiff and her associate psychological and emotional injury

96.     Plaintiff and her associate have had their right to freedom of speech and freedom of association interfered with by the Defendants.

97.     It is unclear whether the approved orders for physical searches involving the Plaintiff have been fully executed, or have expired.

98.     It is very likely that more applications for physical searches involving the Plaintiff will be filed by Defendant Department of Justice, and certified by Defendant Attorney General Lynch, and approved by the FISC under Title III of FISA, 50 U.S.C. §§ 1821 *et seq.*

99.     Such future applications and orders for physical searches involving the Plaintiff will likely be executed by the Defendants.

*Electronic Surveillance under Title I involving the Plaintiff and her Associates*

100.    Beginning some time before October 3rd, 2016, the Defendants have conducted electronic surveillance on the Plaintiff, her associates, and the U.S. Disciplinary Barracks as a whole.

101.    The electronic surveillance was approved pursuant to Title I of FISA, 50 U.S.C. §§ 1801 *et seq.*, by orders, applied for by Defendant Department of Justice and certified by Defendant Attorney General Lynch, involving the Plaintiff.

16

102.    The electronic surveillance involving the Plaintiff has consisted of all four passive electronic surveillance means under § 101(f) of FISA, 50 U.S.C. § 1801(f).

103.    This electronic surveillance has extended to dozens, and possibly hundreds of people physically near, associated with, or in communication with the Plaintiff.

104.    The electronic surveillance involving the Plaintiff has included the use of passive signals intelligence platforms that were physically located outside the U.S. Disciplinary Barracks at various times since at least October 3rd, 2016.

105.    The electronic surveillance involving the Plaintiff has primarily consisted of wire communications over telephony used by the Plaintiff, and internet locations physically near the Plaintiff, or used by her associates.

106.    The electronic surveillance involving the Plaintiff is being conducted by technicians and experts provided to Defendants Department of Justice and Federal Bureau of Investigation by Defendants Secretary Carter, Department of Defense, Admiral Rogers, and National Security Agency.

107.    The electronic surveillance involving the Plaintiff using signal intelligence platforms physically located at the U.S. Disciplinary Barracks abruptly terminated on October 27th, 2016.

108.    Between October 26th and October 27th, 2016, the Deputy Director of Defendant Federal Bureau of Investigation acting on behalf of Defendant Director Comey, consulted with Assistant Attorney General for National Security on behalf of Defendant Attorney General Lynch, about moving resources from CES and the WFO from Fort Leavenworth, Kansas.

109.    The discussion between Deputy Director Andrew McCabe of the FBI and Assistant Attorney General for National Security John Carlin involved movement of resources

from investigating and conducting surveillance on the Plaintiff and her associates, to another high profile investigation into Huma Abedin, an aide to the Presidential candidate Secretary Hilary Clinton.

110.    Since this development, it is unclear whether the approved orders for electronic surveillance involving the Plaintiff and her associates have been fully executed, or have expired.

111.    Plaintiff and her associates have had their rights to freedom of speech and freedom of association interfered with by the Defendants.

*Petition for Redress of Grievances*

112.    The Defendants have prevented Plaintiff from petitioning the Defendants for a redress of grievances.

113.    The Defendants have prevented Plaintiff from seeking any form of meaningful redress from the Defendants.

114.    Plaintiff has had her right to petition the government for redress violated by the Defendants.

*Exhaustion of Administrative Remedies*

115.    The Plaintiff has exhausted all available administrative remedies with respect to all of her claims against the Defendants.

## CLAIMS FOR RELIEF

**CLAIM I:  Violation of First Amendment to the U.S. Constitution (Asserted by Plaintiff against all Defendants)**

116.    Plaintiff incorporates by reference all of the allegations of the preceding paragraphs.

117.     The Plaintiff and her associates are not foreign powers under § 101(b) of FISA, 50 U.S.C. § 1801(b).

118.     The Plaintiff and her associates are not agents of a foreign power under § 101(b)(2) of FISA, 50 U.S.C. § 1801(b)(2).

119.     The Defendants have targeted the Plaintiff and any person who associates with Plaintiff with electronic surveillance and physical searches regardless of whether they are not foreign powers or agents of foreign powers.

120.     The Defendants' targeting of Plaintiff and her associates with electronic surveillance and physical searches constitute a violation of freedom of speech and of association under the First Amendment of the Constitution.

121.     The Defendants acts and omissions have prevented the Plaintiff from petitioning the government for a redress of grievances.

122.     The Defendants are violating the Plaintiff's right to petition the government for a redress of grievances.

123.     Plaintiff has been irreparably harmed by the Defendants' acts and omissions.

124.     Plaintiff will continue to be irreparably harmed by the Defendants' act and omissions.

**CLAIM II: Violation of Fourth Amendment to the U.S. Constitution (Asserted by Plaintiff against all Defendants)**

125.     Plaintiff incorporates by reference all of the allegations of the preceding paragraphs.

126.     The Plaintiff and her associates are not foreign powers under § 101(b) of FISA, 50 U.S.C. § 1801(b).

127.    The Plaintiff and her associates are not agents of a foreign power under §
101(b)(2) of FISA, 50 U.S.C. § 1801(b)(2).

128.    The Defendants have targeted Plaintiff with electronic surveillance and physical
searches regardless of she is a foreign power or agents of a foreign power.

129.    The Defendants have no valid bases to argue a reasonable probable cause for any
electronic surveillance or physical searches under Titles I or III of FISA, 50 U.S.C. §§ 1801 *et
seq.*, 1821 *et seq.*

130.    The Defendants' targeting of Plaintiff with electronic surveillance and physical
searches constitute a violation of her right against unreasonable searches and seizures under the
Fourth Amendment of the U.S. Constitution.

131.    Plaintiff has been irreparably harmed by the Defendants' acts and omissions.

132.    Plaintiff will continue to be irreparably harmed by the Defendants' act and
omissions.

**CLAIM III:  Violation of Fifth Amendment to the U.S. Constitution (Asserted by Plaintiff
against all Defendants)**

133.    Plaintiff incorporates by reference all of the allegations of the preceding
paragraphs.

134.    Defendants have failed to provide any notice to the Plaintiff of any applications or
orders for electronic surveillance or physical searches under Titles I or III of FISA, 50 U.S.C. §§
1801 *et seq.*, 1821 *et seq.*

135.    Defendants have failed to provide any notice to the Plaintiff of any information
obtained or any physical items seized during electronic surveillance or physical searches.

136.    The Defendants' acts and omissions with regard to not providing any notice to the Plaintiff with respect to electronic surveillance or physical searches have violated the Plaintiff's right to due process of law under the Fifth Amendment of the U.S. Constitution.

137.    Plaintiff has been irreparably harmed by the Defendants' acts and omissions.

138.    Plaintiff will continue to be irreparably harmed by the Defendants' act and omissions.

**CLAIM IV:  Violation of Eighth Amendment to the U.S. Constitution (Asserted by Plaintiff against all Defendants)**

139.    Plaintiff incorporates by reference all of the allegations of the preceding paragraphs.

140.    The Defendants attempted to conduct a physical search involving the Plaintiff on October 10th through 11th, 2016.

141.    The Defendants engaged in malicious and sadistic actions against the Plaintiff during the attempt to conduct a physical search involving the Plaintiff.

142.    The Plaintiff suffered severe physical illness during the Defendants' conduct of the physical search involving the Plaintiff.

143.    The Plaintiff suffered severe psychological and emotional injury during the Defendants' conduct of the physical search involving the Plaintiff.

144.    Defendants have violated the Plaintiff's right to be free from cruel and unusual punishments by attempt to conduct this physical search involving the Plaintiff.

145.    Plaintiff has been irreparably harmed by the Defendants' acts and omissions.

146.    Plaintiff will continue to be irreparably harmed by the Defendants' act and omissions.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court grant the following relief:

A.      Declare that the Defendants' actions in targeting the Plaintiff, or any person associating with the Plaintiff, with electronic surveillance or physical searches constitute a violation of the Plaintiff's right to freedom of speech, freedom of association, and to petition the government for a redress of grievances guaranteed under the U.S. Constitution.

B.      Declare that the Defendants' actions in targeting the Plaintiff with electronic surveillance and physical searches without any reasonable probable cause constitute a violation against the protection of the Plaintiff from unreasonable searches and seizures guaranteed by the Fourth Amendment of the U.S. Constitution.

C.      Declare that the Defendants have failed to provide any notice to the Plaintiff of any information obtained or any physical items seized during electronic surveillance or physical searches, or any other information with respect to electronic surveillance or physical searches involving her have violated the Plaintiff's right to due process of law guaranteed under the Fifth Amendment of the U.S. Constitution.

D.      Declare that the Defendants' engaged in malicious and sadistic actions against the Plaintiff while attempting to conduct a physical search of the Plaintiff on October 10th through 11th, 2016 violated the Plaintiff's right to be free from cruel and unusual punishments guaranteed under the Eighth Amendment of the U.S. Constitution.

E.      Enter an injunction against Defendants and their agents barring them from conducting electronic surveillance under any applications or orders under Title I of FISA, 50 U.S.C. §§ 1801 *et seq.*

F.      Enter an injunction against the Defendants and their agents barring them from conducting physical searches under Titles III of FISA, 50 U.S.C. §§ 1821 *et seq*.

G.      Enter an injunction against the Defendants and their agents ordering them from seeking any future orders under Titles I or III of FISA, 50 U.S.C. §§ 1801 *et seq*., 1821 *et seq*. without reasonable and justifiable probable cause.

H.      Award the Plaintiff all reasonable attorney's fees; and

I.      Award all other relief that the Court deems just and proper.

Respectfully submitted,

CHELSEA E. MANNING
Plaintiff, *pro se*
1300 North Warehouse Road
Fort Leavenworth, KS 66027-2304

NOVEMBER 7TH, 2016