IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Chelsea E. MANNING, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. *16 - 2307 (CRC)* |
| | ) | |
| James R. CLAPPER, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER
### (F.R.Civ.P. 5(d) and (e))

*Relief Sought*

The Plaintiff, Chelsea E. Manning, moves this Court for a protective Order with regard to any documents and information—in the possession of either the Court, the Plaintiff, the Plaintiff's counsel, the Defendants, or the Defendants' counsel—that contain information classified by any Executive agency of the U.S. government in the interests of national security or pursuant to Exec. Order 13526 and its predecessor orders.

Additionally, the Plaintiff moves the Court to permit any appropriately cleared counsel representing the Plaintiff to discuss any classified information with the Plaintiff's counsel—or *vice versa*—in order to allow legal counsel to effective represent the Plaintiff.

The Plaintiff therefore requests that this Court order that any classified information and documents in this action be sealed and only opened by order of this Court, and that the Court, the Plaintiff, the Plaintiff's counsel, the Defendants, or the Defendants' counsel be prohibited from copying, distributing, or in any way disseminating classified information and documents in any manner than those authorized by the Court in the protective Order, for the following reasons.


Mail Room
NOV 18 2016
Angela D.          Clerk of the
U.S. District Court, District of Co

*Involvement of Classified Information*

1.      This action involves information and documents that are classified by Executive department, branches, components, and agencies of the U.S. government in the interest of national security or pursuant to Exec. Order 13526 and its predecessor orders.

2.      Disclosure to the public of any classified information or documents in this action by the Court, the Plaintiff, the Plaintiff's counsel, the Defendants, or the Defendants' counsel—

(a)      will not aid in the preparation of this case, the preparation of hearings or a trial, or during any hearings or a trial; and,

(b)      could potentially cause damage, cause serious damage, or cause grave damage the national security of the U.S. government.

3.      The Plaintiff came into possession of the classified information relevant to this case by virtue of her—

(a)      training by Defendant Department of Defense under Defendant Secretary Carter's predecessors between April 2008 and January 2009;

(b)      work experience as an intelligence analyst for the U.S. Intelligence Community under Defendant Director Clapper and his predecessors between January 2009 and May 2010;

(c)      pursuant to the Classified Information Procedures Act (CIPA), 18 U.S.C. Appx. IV §§ 1 *et seq.*, the defense during her general-court martial proceedings, *United States v. Private First Class Bradley E. Manning* (U.S. Army 1st Jud. Cir. 2013), under Defendant Department of Defense and Defendant Carter's predecessors between May 2010 and August 2013; and,

(d)     pursuant to CIPA, the defense during her court-martial appeal, *United States v. Chelsea E. Manning* (A.C.C.A. Case No. 20130739) under Defendant Department of Defense and Defendant Carter and his predecessors between August 2013 and the present.

4.      The classified information that the Plaintiff possesses—

(a)     is directly related to her theory of the case, and her understanding of the case; and,

(b)     would normally be protected by attorney-client privilege.

*Plaintiff's Inability to Consult with any Legal Counsel*

5.      The Plaintiff is unable to articulate her theory of the case, or her understanding of the case, without disclosing classified information in her possession to any legal counsel or prospective legal counsel.

6.      In the absence of a protective Order for classified information, the Plaintiff filed this action *pro se*, and will continue to not have effective legal counsel in this matter until she can discuss her theory of the case, or her understanding of the case with legal counsel.

## CONCLUSION

In support of this application, the Plaintiff respectfully refers the Court to the Complaint, the Declaration of Chelsea E. Manning in support of Plaintiff's Motion for a Protective Order, the Plaintiff's Motion for the Appointment of Counsel, the Plaintiff's Memorandum in Support of the Plaintiff's Motion for the Appointment of Counsel, and the Declaration of Chelsea E. Manning in Support of the Plaintiff's Motion for the Appointment of Counsel.

A proposed protective Order is attached.

WHEREFORE, this Court should issue a protective Order with regard to any classified documents and information in this action.

Respectfully submitted,

CHELSEA E. MANNING
*Plaintiff, pro se*
1300 North Warehouse Road
Fort Leavenworth, KS 66027-2304

November 15th, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Chelsea E. MANNING,<br>Plaintiff,<br><br>v.<br><br>James R. CLAPPER, *et al.*<br>Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>) |

### [PROPOSED] <u>PROTECTIVE ORDER</u>
(F.R.Civ.P. 5(d) and (e))

The Plaintiff, Chelsea E. Manning, has moved the Court for a protective Order under F.R.Civ.P. 5(d) and (e).  This matter was submitted to the Court on November 15th, 2016.

The proceedings in this case involve information that has been classified by the Defendants in the interest of national security.

The storage, handling, and control of this information will require special security precautions mandated by statutes, executive order, and regulation, and access to which acquires the appropriate security clearance and a "need-to-know."

Having considered the submissions in connection with the motion, the Court believes that good cause has been shown to support issuance of a protective Order regarding the storage, handling, and control of information and documents classified in the interest of national security.

IT IS ORDERED that:

1.      The purpose of this Order is to establish the procedures that must be followed by the parties, counsel for the Parties, all other counsel involved in this case, all judges and other personnel of this Court, all other individuals who receive access to, or are otherwise in possession of, classified documents or information in this matter.

Mail Room

NOV 1 8 2016

Angela C.
U.S. District Court, District of Col.

2.      The procedures set forth in this protective Order shall apply to all aspects of this case, and may be modified from time to time by further order of this Court acting under F.R.Civ.P. 5.2(d) and (e), and this Court's inherent authority over this case.

*Definitions*

3.      The following definitions apply for the terms used in this Order.

(a)      The terms "classified national security information and documents," "classified information," and "classified documents" refer to any—

(1)      classified document or information which has been classified by any Executive Branch agency in the interests of national security or pursuant to Exec. Order 13526 or its predecessor orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or is additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)," "ALTERNATIVE COMPENSATORY CONTROL MEASURES (ACCM)," or "SPECIAL ACCESS PROGRAM (SAP)";

(2)      document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party, which has been derived from U.S. government information that has been classified by the Defendants pursuant to Exec. Order 13526 or its predecessor orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or is additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)," "ALTERNATIVE COMPENSATORY CONTROL MEASURES (ACCM)," or "SPECIAL ACCESS PROGRAM (SAP)";

(3)      other classified information, in any form, known or previously known to the Plaintiff or counsel for the Plaintiff;

(4)     document and information, including non-written, aurally acquired information, which the Plaintiff or counsel for the Plaintiff have been notified in orally or in writing that such document may be classified; or

(5)     information, regardless of place or origin and including "foreign government information," as that term is defined in Exec. Order 13526, that could reasonably be believed to contain classified information; and

(6)     information obtained from any agency, department, agency, or other governmental entity, including a member of the U.S. Intelligence Community, as defined in 50 U.S.C. § 3003, that could reasonably be believed to contain classified information.

(b)     The terms "documents" or "information" shall include, but are not limited to, all written, printed, or electronic matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to—

(1)     papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts and graphs, inter-office and intra-office communications, notations of any sort concerning conversations, meeting, or other communications, bulletins, cables, telexes, telecopies, teletypes, telegrams, and telefacsimiles, invoices, accountings, worksheets, and drafts, alterations, modifications, and changes and amendments of any kind to the foregoing;

(2)     graphic or oral records or representations of any kind, including but not limited to, photographs, maps, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

(3)     electronic, mechanical, or electrical records of any kind, including but not limited to, tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes or disks, hard drives, and all manner of electronic data processing storage; and

(4)     information acquired aurally, or in any other manner not detailed in this paragraph.

### Public Domain

4.     Information in the public domain is ordinarily not classified.   However, if classified information is reported in the press or otherwise enters the public domain, the information does not lose its classified status merely because it is in the public domain.

5.     Classified information reported in the press or otherwise in the public domain must be considered classified and subject to the provisions of F.R.Civ.P. 5.2(d) and (e) and this protective Order.

6.     Any attempt by the Defendants, counsel for the Defendants, the Plaintiff, or the counsel for the Plaintiff, to have classified information that has been reported in the public domain confirmed or denied in any proceeding before this court shall be governed by this protective Order.

### Memorandum of Understanding

7.     In order to protect the classified documents and information involved in this case, the Plaintiff, and counsel for the Plaintiff, shall not have access to any classified documents and information unless that person shall have signed the memorandum of understanding attached to this Order, agreeing to comply with the terms of this Order.

8.     The signed memorandum of understanding shall be filed with the Court.

*Security Clearances*

9.      Unless already holding an appropriate security clearance granted by the Department of Justice or the Department of Defense necessary for any access to classified documents and information, any person seeking access to classified information in support of this action shall complete a Standard Form 86, attached releases, and fingerprints to be submitted to the Department of Justice.

10.     The requisite security clearance for the Plaintiff, counsel for the Plaintiff, the Defendants, and counsel for the Defendants is TS/SCI and the necessary "read-on" requirements are for Special Intelligence (SI), Talent Keyhole (TK), GAMMA (G), and Human Intelligence Control System (HCS).

*Review of Documents and Information*

11.     The Plaintiff, counsel for the Plaintiff, the Defendants, and counsel for the Defendants shall discuss, store, review, and otherwise handle classified documents and information only with an approved U.S. government facility.

12.     Subject to other provisions of this Order, the Plaintiff, counsel for the Plaintiff, the Defendants, and counsel for the Defendants shall prepare any pleadings documents, or other substantive communications containing classified information in an approved U.S. government facility.

*Procedures for Handling Classified Information*

13.     All classified documents and information shall be stored, maintained, and used only in an approved U.S. government facility as outlined in this protective Order.

14.     Subject to other provisions and restrictions of this Order the Plaintiff, counsel for the Plaintiff, the Defendants, and counsel for the Defendants shall have free access to any of

the classified documents and information, provided they possess the requisite security clearance.

15.    All documents, pleadings and substantive communications prepared by the Plaintiff, counsel for the Plaintiff, the Defendants, and counsel for the Defendants that contain classified information shall be transcribed, recorded, typed, duplicated, copied or otherwise prepared only by persons who have received an appropriate approval for access to the classified documents and information, and shall only be done in a U.S. government facility in accordance with the procedures provided by this Court.

16.    Any associated materials, including but not limited to notes, drafts, copies, typewriter ribbons, magnetic recordings, and exhibits, containing classified documents and information shall remain within the U.S. government facility.

17.    The Plaintiff, counsel for the Plaintiff, the Defendants, and counsel for the Defendants shall not discuss classified documents or information over any standard commercial telephone instrument or office intercommunication system, including but not limited to telephone, electronic mail (e-mail), and the internet.

18.    The Plaintiff, counsel for the Plaintiff, the Defendants, and counsel for the Defendants shall not disclose the contents of any classified documents or information to any person unless they have an appropriate security clearance, and are within an approved U.S. government facility.

Ex Parte *Classified Information and Documents*

19.    The Plaintiff, and counsel for the Plaintiff shall not have access to classified documents and information sealed by this Court when submitted *ex parte* by the Defendants, and counsel for the Defendants.

20.     The Defendants, and counsel for the Defendants shall not have access to classified documents and information sealed by this Court when submitted *ex parte* by the Plaintiff, and counsel for the Plaintiff.

*Filings with the Court*

21.     Filings with this Court shall be unclassified whenever possible.

22.     When the Plaintiff, counsel for the Plaintiff, the Defendants, and counsel for the Defendants determine that classified information must be included with a filing, then they shall place such information in a separate appendix and properly mark the classified portion while ensuring that any titles or administrative information remains unclassified.

23.     Until further notice by this Court, any pleading appendix, document or other substantive communication filed by the Plaintiff, counsel for the Plaintiff, the Defendants, and counsel for the Defendants that contains classified information or information reasonably believed to be classified shall be filed with the Court by the appropriate means for handling and transmitting classified documents and information.

24.     If this Court requires the Plaintiff, counsel for the Plaintiff, the Defendants, and counsel for the Defendants to brief an issue *ex parte*, and a reasonable response requires the disclosure of classified documents or information, then any classified information shall be briefed or filed with the Court by the appropriate means for handling and transmitting classified documents and information.

*Violations of the Order*

25.     Any unauthorized disclosure of classified information may constitute violates of federal criminal laws including, but not limited to the provisions of sections 641, 793, 794,

798, 952, and 1924 of Title 18, United States Code (18 U.S.C. §§ 641, 793, 794, 798, 952, and 1924).

26.     Any legal counsel who violate this protective Order may be reported to their state bar association.

27.     Any violation of the terms of this protective Order shall immediately be brought to the attention of this Court, and may result in a charge of contempt of court and a possible referral for criminal prosecution or other sanctions.

28.     All persons subject to this protective Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause damage, serious damage, or exceptionally grave damage to the national security of the U.S. government, or may be used to the advantage of a foreign nation against the interests of the U.S. government.

*Property of the U.S. Government*

29.     All classified documents and information currently in this action, or generated by or for this action in the future are, and shall remain the property of the U.S. government.

30.     Any notes, summaries, and other documents prepared by this Court, the Plaintiff, counsel for the Plaintiff, the Defendants, and counsel for the Defendants that do or may contain classified information shall remain at all times in the approved U.S. government facility under the guidance of persons appropriately cleared.

*Rule of Construction*

31.    Nothing in this protective Order shall be construed to—

(a)    preclude this Court, the Plaintiff, counsel for the Plaintiff, the Defendants, or counsel for the Defendants from seeking a further protective Order, or an amendment to the current protective Order in the interest of protecting national security;

(b)    authorize the Defendants, and counsel for the Defendants, access to any of the privileged attorney-client information in the possession of the Plaintiff, and the counsel for the Plaintiff; or

(c)    authorize the Plaintiff, and the counsel for the Plaintiff, access to any of the privileged attorney-client information in the possession of the Defendants, and counsel for the Defendants.

_____
United States District Judge

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Chelsea E. MANNING,
    Plaintiff,

          v.

James R. CLAPPER, *et al*.
    Defendants.

Civil Action No. _____

**DECLARATION OF CHELSEA E. MANNING
IN SUPPORT OF
THE PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

    1.    I, the undersigned declarant, Chelsea E. Manning, hereby state the following in support of this motion for a protective Order under F.R.Civ.P. Rule 5(d) and (e) in the interests of national security.

    2.    The Complaint in this action alleges that the Defendants in this matter conducted clandestine and intrusive electronic surveillance and physical searches involving the Plaintiff without valid grounds or reasonable probable cause. The Complaint also alleges that the Defendants used unorthodox means to conduct the electronic surveillance and physical searches, including computer network exploitation of personal computers and handheld communication devices, and simulating a terrorist attack, kidnapping, and hostage situation involving the Plaintiff.

    3.    This is a unique and very complex case. This case involves classified information and documents—I the possession of both the Plaintiff and the Defendants—that are protected in the interest of national security.



4.     The Plaintiff contends that, as the case progresses, there will certainly be discovery of documents and information which would require protection in the interest of national security.

5.     The Plaintiff also believes that the case will involve *ex parte* filings and an *in camera* review by this Court.

*Background of the Plaintiff*

6.     I am the Plaintiff, representing myself *pro se* in this matter.

7.     The Plaintiff was born in the United States, and is a citizen of the U.S. by natural birth.

8.     The Plaintiff is a former member of the U.S. Intelligence Community (IC) and a former all-source intelligence analyst for the U.S. Army under Defendant Department of Defense, and the predecessors of Defendants Secretary Carter and Director Clapper.

9.     The Plaintiff operated in an official capacity under the authority of Defendant Department of Defense and the predecessors of Defendants Secretary Carter and Director Clapper provided by section 1.7.(f) of Exec. Order 12333, and the National Security Act of 1947 as amended, 50 U.S.C. § 3001 *et seq.*, between August 2008 and May 2010.

10.     Plaintiff   was   granted   a   "TOP   SECRET/Sensitive   Compartmentalized Information" (TS/SCI) security clearance by Defendant Department of Defense between January 2009 and May 2010.

11.     Plaintiff deployed to Baghdad, Iraq in October 2009, serving as an analyst in various capacities for Defendant Department of Defense and the predecessors of Defendants Secretary Carter and Director Clapper.

12.     Plaintiff regularly utilized her TS/SCI clearance with daily, routine access to classified information and documents.

13.     Plaintiff has intimate knowledge, training, and experience with the handling of classified information and documents that are justifiably protected in the interest of national security.

14.     Plaintiff, by virtue of a court-martial appeal, maintains limited access to classified information and documents under a security clearance pursuant to the Classified Information Procedures Act of 1980, 18 U.S.C. Appx. IV § 1 *et seq.*

15.     The Plaintiff legally changed her name to "Chelsea Elizabeth Manning" from "Bradley Edward Manning" in the District Court of Leavenworth County, Kansas in April 2014.

*Attached Documents*

16.     Attached hereto are true and correct copies of the following:

| Document | Exhibit |
| --- | --- |
| Department of Defense Form ("DD Form") 1847-1, *Sensitive Compartmented Information Nondisclosure Statement*, signed by Chelsea E. Manning (then known as Bradley E. Manning), dated January 22nd, 2009 (2 pages) | A |
| Standard Form ("SF") 312, *Classified Information Nondisclosure Agreement*, signed by Chelsea E. Manning (then known as Bradley E. Manning), dated July 28th, 2011 (2 pages) | B |
| Order Changing Name, *In Re: Petition for Change of Name from Bradley Edward Manning to Chelsea Elizabeth Manning*, District Court of Leavenworth, County, Kansas, dated 23 April 2014. | C |
| SF 312, signed by Chelsea E. Manning, dated May 25th, 2015 | D |

3

*Verification*

17.     Pursuant to 28 U.S.C. § 1746, I hereby declare and state under penalty of perjury

that the foregoing is true and correct to the best of my knowledge, information, and belief.

CHELSEA E. MANNING
*Plaintiff, pro se*
1300 North Warehouse Road
Fort Leavenworth, Kansas 66027-2304

November 15th, 2016

# Exhibit A



## SENSITIVE COMPARTMENTED INFORMATION NONDISCLOSURE STATEMENT

### PRIVACY ACT STATEMENT

| | |
|---|---|
| **AUTHORITY:** | EO 9397, November 1943 (SSN). |
| **PRINCIPAL PURPOSE(S):** | The information contained herein will be used to precisely identify individuals when it is necessary to certify their access to sensitive compartmented information. |
| **ROUTINE USE(S):** | Blanket routine uses, as published by Defense Intelligence Agency in the Federal Register. |
| **DISCLOSURE:** | Voluntary; however, failure to provide requested information may result in delaying the processing of your certification. |

### SECTION A

An Agreement Between ___MANNING, BRADLEY EDWARD___ and the United States.

*(Printed or Typed Name)*

1. Intending to be legally bound, I hereby accept the obligations contained in this Agreement in consideration of my being granted access to information or material protected within Special Access Programs, hereinafter referred to in this Agreement as Sensitive Compartmented Information (SCI). I have been advised that SCI involves or derives from intelligence sources or methods and is classified or is in the process of a classification determination under the standards of Executive Order 12356 or other Executive order or statute. I understand and accept that by being granted access to SCI, special confidence and trust shall be placed in me by the United States Government. BEM

2. I hereby acknowledge that I have received a security indoctrination concerning the nature and protection of SCI, including the procedures to be followed in ascertaining whether other persons to whom I contemplate disclosing this information have been approved for access to it, and I understand these procedures. I understand that I may be required to sign subsequent agreements upon being granted access to different categories of SCI. I further understand that all my obligations under this Agreement continue to exist whether or not I am required to sign such subsequent agreements. BEM

3. I have been advised that unauthorized disclosure, unauthorized retention, or negligent handling of SCI by me could cause irreparable injury to the United States or be used to advantage by a foreign nation. I hereby agree that I will never divulge anything marked as SCI or that I know to be SCI to anyone who is not authorized to receive it without prior written authorization from the United States Government department or agency (hereinafter Department or Agency) that last authorized my access to SCI. I understand that it is my responsibility to consult with appropriate management authorities in the Department or Agency that last authorized my access to SCI, whether or not I am still employed by or associated with that Department or Agency or a contractor thereof, in order to ensure that I know whether information or material within my knowledge or control that I have reason to believe might be SCI, or related to or derived from SCI, is considered by such Department or Agency to be SCI. I further understand that I am also obligated by law and regulation not to disclose any classified information or material in an unauthorized fashion. BEM

4. In consideration of being granted access to SCI and of being assigned or retained in a position of special confidence and trust requiring access to SCI, I hereby agree to submit for security review by the Department or Agency that last authorized my access to such information or material, any writing or other preparation in any form, including a work of fiction, that contains or purports to contain any SCI or description of activities that produce or relate to SCI or that I BEM

4. *(Continued)* have reason to believe are derived from SCI, that I contemplate disclosing to any person not authorized to have access to SCI or that I have prepared for public disclosure. I understand and agree that my obligation to submit such preparations for review applies during the course of my access to SCI and thereafter, and I agree to make any required submissions prior to discussing the preparation with, or showing it to, anyone who is not authorized to have access to SCI. I further agree that I will not disclose the contents of such preparation to any person not authorized to have access to SCI until I have received written authorization from the Department or Agency that last authorized my access to SCI that such disclosure is permitted. BEM

5. I understand that the purpose of the review described in paragraph 4 is to give the United States a reasonable opportunity to determine whether the preparation submitted pursuant to paragraph 4 set forth any SCI. I further understand that the Department or Agency to which I have made a submission will act upon them, coordinating within the Intelligence Community when appropriate, and make a response to me within a reasonable time, not to exceed 30 working days from date of receipt. BEM

6. I have been advised that any breach of this Agreement may result in the termination of my access to SCI and removal from a position of special confidence and trust requiring such access, as well as the termination of my employment or other relationships with any Department or Agency that provides me with access to SCI. In addition, I have been advised that any unauthorized disclosure of SCI by me may constitute violations of United States criminal laws, including the provisions of Sections 793, 794, 798, and 952, Title 18, United States Code, and of Section 783(b), Title 50, United States Code. Nothing in this Agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation. BEM

7. I understand that the United States Government may seek any remedy available to it to enforce this Agreement, including, but not limited to, application for a court order prohibiting disclosure of information in breach of this Agreement. I have been advised that the action can be brought against me in any of the several appropriate United States District Courts where the United States Government may elect to file the action. Court costs and reasonable attorneys' fees incurred by the United States Government may be assessed against me if I lose such action. BEM

8. I understand that all information to which I may obtain access by signing this Agreement is now and will remain the property of the United States Government unless and until otherwise determined by an appropriate official or final ruling of a

**DD FORM 1847-1, DEC 91 (EG)**          PREVIOUS EDITIONS ARE OBSOLETE.          Designed using Perform Pro, WHS/DIOR, Jun 94

For Official Use Only
Law Enforcement
Sensitive

8. *(Continued)* court of law. Subject to such determination, I do not now, nor will I ever, possess any right, interest, title or claim whatsoever to such information. I agree that I shall return all materials that may have come into my possession or for which I am responsible because of such access, upon demand by an authorized representative of the United States Government or upon the conclusion of my employment or other relationship with the United States Government entity providing me access to such materials. If I do not return such materials upon request, I understand that this may be a violation of Section 793, Title 18, United States Code. BEM

9. Unless and until I am released in writing by an authorized representative of the Department or Agency that last provided me with access to SCI, I understand that all the conditions and obligations imposed upon me by this Agreement apply during the time I am granted access to SCI, and at all times thereafter. BEM

10. Each provision of this Agreement is severable. If a court should find any provision of this Agreement to be unenforceable, all other provisions of this Agreement shall remain in full force and effect. This Agreement concerns SCI and does not set forth such other conditions and obligations not related to SCI as may now or hereafter pertain to my employment by or assignment or relationship with the Department or Agency. BEM

11. These restrictions are consistent with and do not supersede conflict with or otherwise alter the employee obligations, rights, or liabilities created by Executive Order 12356; Section 7211 of Title 5, United States Code (governing disclosures to Congress); Section 1034 of Title 10, United States Code, as amended by the Military Whistleblower Protection Act (governing disclosure to Congress by members of the military); Section 2302(b)(8) of Title 5, United States Code, as amended by the Whistleblower Protection Act

11. *(Continued)* (governing disclosures of illegality, waste, fraud, abuse or public health or safety threats); the Intelligence Identities Protection Act of 1982 (50 USC 421 et seq.) (governing disclosures that could expose confidential Government agents), and the statutes which protect against disclosure that may compromise the national security, including Section 641, 793, 794, 798, and 952 of Title 18, United States Code, and Section 4(b) of the Subversive Activities Act of 1950 (50 USC Section 783(b)). The definitions, requirements, obligations, rights, sanctions and liabilities created by said Executive Order and listed statutes are incorporated into this agreement and are controlling. BEM

12. I have read this Agreement carefully and my questions, if any, have been answered to my satisfaction. I acknowledge that the briefing officer has made available Sections 793, 794, 798, and 952 of Title 18, United States Code, and Executive Order 12356, as amended, so that I may read them at this time, if I so choose. BEM

13. I hereby assign to the United States Government all rights, title and interest, and all royalties, remunerations, and emoluments that have resulted, will result, or may result from any disclosure, publication, or revelation not consistent with the terms of this Agreement. BEM

14. This Agreement shall be interpreted under and in conformance with the laws of the United States. BEM

15. I make this Agreement without any mental reservation or purpose of evasion. BEM

| 16. TYPED OR PRINTED NAME *(Last, First, Middle Initial)* | 17. GRADE/RANK/SVC | 18. SOCIAL SECURITY NO. | 19. BILLET NO. *(Optional)* |
|---|---|---|---|
| MANNING, BRADLEY E | E3 PFC | 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 | |
| 20. ORGANIZATION  HHC, S2 2 BCT 10TH MTN DIV | 21. SIGNATURE | | 22. DATE SIGNED *(YYMMDD)*  090122 |

**FOR USE BY MILITARY AND GOVERNMENT CIVILIAN PERSONNEL**

## SECTION B

The execution of this Agreement was witnessed by the undersigned, who accepted it on behalf of the United States Government as a prior condition of access to Sensitive Compartmented Information.

| 23. TYPED OR PRINTED NAME *(Last, First, Middle Initial)* | 24. ORGANIZATION |
|---|---|
| STARK Glen. J | HHC 2BCT 10th MTN DIV (CL) |
| 25. SIGNATURE | 26. DATE SIGNED *(YYMMDD)*  090124 |

**FOR USE BY CONTRACTORS/CONSULTANTS/NON-GOVERNMENT PERSONNEL**

## SECTION C

The execution of this Agreement was witnessed by the undersigned.

| 27. TYPED OR PRINTED NAME *(Last, First, Middle Initial)* | 28. ORGANIZATION |
|---|---|
| 29. SIGNATURE | 30. DATE SIGNED *(YYMMDD)* |

## SECTION D

This Agreement was accepted by the undersigned on behalf of the United States Government as a prior condition of access to Sensitive Compartmented Information.

| 31. TYPED OR PRINTED NAME *(Last, First, Middle Initial)* | 32. ORGANIZATION |
|---|---|
| 33. SIGNATURE | 34. DATE SIGNED *(YYMMDD)* |

DD FORM 1847-1, DEC 91 (BACK)

For Official Use Only
Law Enforcement
Sensitive

ManningB_00024369

# Exhibit B



## CLASSIFIED INFORMATION NONDISCLOSURE AGREEMENT

AN AGREEMENT BETWEEN        BRADLEY EDWARD MANNING        AND THE UNITED STATES

*(Name of Individual - Printed or typed)*

1.  Intending to be legally bound, I hereby accept the obligations contained in this Agreement in consideration of my being granted access to classified information. As used in this Agreement, classified information is marked or unmarked classified information, including oral communications, that is classified under the standards of Executive Order 12958, or under any other Executive order or statute that prohibits the unauthorized disclosure of information in the interest of national security; and unclassified information that meets the standards for classification and is in the process of a classification determination as provided in Sections 1.2, 1.3, and 1.4(e) of Executive Order 12958, or under any other Executive order or statute that requires protection for such information in the interest of national security. I understand and accept that by being granted access to classified information, special confidence and trust shall be placed in me by the United States Government.

2.  I hereby acknowledge that I have received a security indoctrination concerning the nature and protection of classified information, including the procedures to be followed in ascertaining whether other persons to whom I contemplate disclosing this information have been approved for access to it, and that I understand these procedures.

3.  I have been advised that the unauthorized disclosure, unauthorized retention, or negligent handling of classified information by me could cause damage or irreparable injury to the United States or could be used to advantage by a foreign nation. I hereby agree that I will never divulge classified information to anyone unless: (a) I have officially verified that the recipient has been properly authorized by the United States Government to receive it; or (b) I have been given prior written notice of authorization from the United States Government Department or Agency (hereinafter Department or Agency) responsible for the classification of the information or last granting me a security clearance that such disclosure is permitted. I understand that if I am uncertain about the classification status of information, I am required to confirm from an authorized official that the information is unclassified before I may disclose it, except to a person as provided in (a) or (b), above. I further understand that I am obligated to comply with laws and regulations that prohibit the unauthorized disclosure of classified information.

4.  I have been advised that any breach of this Agreement may result in the termination of any security clearances I hold; removal from any position of special confidence and trust requiring such clearances, or the termination of my employment or other relationships with the Departments or Agencies that granted my security clearance or clearances. In addition, I have been advised that any unauthorized disclosure of classified information by me may constitute a violation, or violations, of United States criminal laws, including the provisions of Sections 641, 793, 794, 798, *952 and 1924, Title 18, United States Code, * the provisions of Section 783 (b), Title 50, United States Code, and the provisions of the Intelligence Identities Protection Act of 1982. I recognize that nothing in this Agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation.

5.  I hereby assign to the United States Government all royalties, remunerations, and emoluments that have resulted, will result or may result from any disclosure, publication, or revelation of classified information not consistent with the terms of this Agreement.

6.  I understand that the United States Government may seek any remedy available to it to enforce this Agreement including, but not limited to, application for a court order prohibiting disclosure of information in breach of this Agreement.

7.  I understand that all classified information to which I have access or may obtain access by signing this Agreement is now and will remain the property of, or under the control of the United States Government unless and until otherwise determined by an authorized official or final ruling of a court of law. I agree that I shall return all classified materials which have, or may come into my possession or for which I am responsible because of such access: (a) upon demand by an authorized representative of the United States Government; (b) upon the conclusion of my employment or other relationship with the Department or Agency that last granted me a security clearance or that provided me access to classified information; or (c) upon the conclusion of my employment or other relationship that requires access to classified information. If I do not return such materials upon request, I understand that this may be a violation of Section 793 and/or 1924, Title 18, United States Code, a United States criminal law.

8.  Unless and until I am released in writing by an authorized representative of the United States Government, I understand that all conditions and obligations imposed upon me by this Agreement apply during the time I am granted access to classified information, and at all times thereafter.

9.  Each provision of this Agreement is severable. If a court should find any provision of this Agreement to be unenforceable, all other provisions of this Agreement shall remain in full force and effect.

*(Continue on reverse.)*

ManningB_00036801

10. These restrictions are consistent with and do not supersede, conflict with or otherwise alter the employee obligations, rights or liabilities created by Executive Order 12958; Section 7211 of Title 5, United States Code (governing disclosures to Congress); Section 1034 of Title 10, United States Code, as amended by the Military Whistleblower Protection Act (governing disclosure to Congress by members of the military); Section 2302(b)(8) of Title 5, United States Code, as amended by the Whistleblower Protection Act (governing disclosures of illegality, waste, fraud, abuse or public health or safety threats); the Intelligence Identities Protection Act of 1982 (50 U.S.C. 421 et seq.) (governing disclosures that expose confidential Government agents), and the statutes which protect against disclosure that may compromise the national security, including Sections 641, 793, 794, 798, 952 and 1924 of Title 18, United States Code, and Section 4(b) of the Subversive Activities Act of 1950 (50 U.S.C. Section 783(b)). The definitions, requirements, obligations, rights, sanctions and liabilities created by said Executive Order and listed statutes are incorporated into this Agreement and are controlling.

11. I have read this Agreement carefully and my questions, if any, have been answered. I acknowledge that the briefing officer has made available to me the Executive Order and statutes referenced in this Agreement and its implementing regulation (32 CFR Section 2003.20) so that I may read them at this time, if I so choose.

| SIGNATURE | DATE | SOCIAL SECURITY NUMBER *(See Notice below)* |
|---|---|---|
| | 28 Jul 11 | 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 |

ORGANIZATION (IF CONTRACTOR, LICENSEE, GRANTEE OR AGENT, PROVIDE: NAME, ADDRESS, AND, IF APPLICABLE, FEDERAL SUPPLY CODE NUMBER) *(Type or print)*

HEADQUARTERS AND HEADQUARTERS COMPANY
U.S. ARMY GARRISON, JOINT BASE MYER-HENDERSON HALL
FORT MYER, VA  22211

| WITNESS | ACCEPTANCE |
|---|---|
| THE EXECUTION OF THIS AGREEMENT WAS WITNESSED BY THE UNDERSIGNED. | THE UNDERSIGNED ACCEPTED THIS AGREEMENT ON BEHALF OF THE UNITED STATES GOVERNMENT. |

| SIGNATURE | DATE | SIGNATURE | DATE |
|---|---|---|---|
| *Valyn R. Schmierer* | 28 Jul 11 | *Valyn R. Schmierer* | 28 Jul 11 |

NAME AND ADDRESS *(Type or print)*

Department of the Army
ATTN USACAC G2 Security Office
Commander USACAC and Fort Leavenworth
626 McClellan Avenue
Building 197
Fort Leavenworth, KS 66027

NAME AND ADDRESS *(Type or print)*

Department of the Army
ATTN USACAC G2 Security Office
Commander USACAC and Fort Leavenworth
626 McClellan Avenue
Building 197
Fort Leavenworth, KS 66027

## SECURITY DEBRIEFING ACKNOWLEDGEMENT

I reaffirm that the provisions of the espionage laws, other federal criminal laws and executive orders applicable to the safeguarding of classified information have been made available to me; that I have returned all classified information in my custody; that I will not communicate or transmit classified information to any unauthorized person or organization; that I will promptly report to the Federal Bureau of Investigation any attempt by an unauthorized person to solicit classified information, and that I (have) (have not) (strike out inappropriate word or words) received a security debriefing.

| SIGNATURE OF EMPLOYEE | DATE |
|---|---|
| | |

| NAME OF WITNESS *(Type or print)* | SIGNATURE OF WITNESS |
|---|---|
| | |

NOTICE:  The Privacy Act, 5 U.S.C. 552a, requires that federal agencies inform individuals, at the time information is solicited from them, whether the disclosure is mandatory or voluntary, by what authority such information is solicited, and what uses will be made of the information.  You are hereby advised that authority for soliciting your Social Security Account Number (SSN) is Executive Order 9397. Your SSN will be used to identify you precisely when it is necessary to 1) certify that you have access to the information indicated above or 2) determine that your access to the information indicated has terminated.  Although disclosure of your SSN is not mandatory, your failure to do so may impede the processing of such certifications or determinations, or possibly result in the denial of your being granted access to classified information.

* NOT APPLICABLE TO NON-GOVERNMENT PERSONNEL SIGNING THIS AGREEMENT.

STANDARD FORM 312 BACK (Rev. 1-00)

ManningB_00036802

# Exhibit C



FILED
LEAVENWORTH CO. KS

IN THE FIRST JUDICIAL CIRCUIT
DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS 2014 APR 23 AM 9: 40

CLERK OF DIST COURT

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF: | Case No.  2014-CV-000039 |
| Bradley Edward Manning | Div. No.  4 |
| FOR CHANGE OF NAME TO: | **ORDER CHANGING NAME** |
| Chelsea Elizabeth Manning | Pursuant to K.S.A. 60-1402 |
| PURSUANT TO K.S.A. CHAPTER 60 | Dated:  April 23, 2014 |

1.    Now, on this the 23rd day of April, 2014 the above-captioned matter comes before this Court upon the Petition of the Petitioner, Bradley Edward Manning, for change of name.

2.    The Petitioner is currently confined at the United States Disciplinary Barracks (USDB) in Fort Leavenworth, Kansas and is not appearing.

3.    There are no other parties appearing.

4.    The Court, upon hearing the testimony, upon examining the evidence presented, and upon review of the record of the proceedings herein, finds as follows:

   a.  That this Court has Jurisdiction over the Parties in this case.

   b.  That this Court has Jurisdiction over the subject matter of this case.

   c.  That the Venue is appropriate in Leavenworth County, Kansas.

   d.  That service has been properly obtained on, or notice has been given to, all interested Parties, or service and notice have been waived because there are no interested Parties other than the Petitioner.

   e.  The allegations in the Petitioner's Petition are true.

   f.  That the Petitioner, Bradley Edward Manning, is now and has been a resident of the State of Kansas for a period of more than sixty (60) days immediately preceding the filing of this Petition.

   g.  That the Petitioner's date of birth is December 17th, 1987.



h.  That the Petitioner's place of birth is Oklahoma City, in Oklahoma County in the State of Oklahoma.

i.  That the Petitioner's birth certificate shows the Petitioner's name as Bradley Edward Manning.

j.  That the Petitioner's present name is Bradley Edward Manning.

k.  That the Petition for Change of Name is not made for the purpose of avoiding any debts, obligations or legal process, and is not made for the purpose of misleading or defrauding any person.

l.  That the Petition for Change of Name will not result in prejudice to any person.

m.  That no objections have been made to the Court.

5.    The Court finds that the Petitioner, Bradley Edward Manning, is entitled to change name from Bradley Edward Manning to Chelsea Elizabeth Manning.

6.    It is therefore by the court **CONSIDERED, ORDERED, ADJUDGED**, and **DECREED** that the above and foregoing findings are made as Orders of this Court, that the Petitioner's name be changed to Chelsea Elizabeth Manning, and that the costs of this proceeding are assessed against the Petitioner.

7.    It is further **ORDERED** that, upon proper application, an amended or substitute birth certificate be issued to reflect the Petitioner's new name, Chelsea Elizabeth Manning.

8.    It is so **ORDERED** on this 23rd day of April, 2014.

STATE OF KANSAS
LEAVENWORTH COUNTY, } SS
I hereby certify that the foregoing is a true copy of the record on file in this court and cause.

Dated _5-21-2014_

Clerk

SEAL

DAVID J. KING
Chief Judge, District Court
Leavenworth County, Kansas

Submitted by:

BRADLEY EDWARD MANNING
Petitioner, *pro se*

Bradley E. Manning  89289
1300 North Warehouse Road
Fort Leavenworth, Kansas 66027-2304

2

# Exhibit D



## CLASSIFIED INFORMATION NONDISCLOSURE AGREEMENT

| AN AGREEMENT BETWEEN | Chelsea Elizabeth Manning | AND THE UNITED STATES |
|---|---|---|

*(Name of Individual - Printed or typed)*

1. Intending to be legally bound, I hereby accept the obligations contained in this Agreement in consideration of my being granted access to classified information. As used in this Agreement, classified information is marked or unmarked classified information, including oral communications, that is classified under the standards of Executive Order 13526, or under any other Executive order or statute that prohibits the unauthorized disclosure of information in the interest of national security; and unclassified information that meets the standards for classification and is in the process of a classification determination as provided in sections 1.1, 1.2, 1.3 and 1.4(e) of Executive Order 13526, or under any other Executive order or statute that requires protection for such information in the interest of national security. I understand and accept that by being granted access to classified information, special confidence and trust shall be placed in me by the United States Government.

2. I hereby acknowledge that I have received a security indoctrination concerning the nature and protection of classified information, including the procedures to be followed in ascertaining whether other persons to whom I contemplate disclosing this information have been approved for access to it, and that I understand these procedures.

3. I have been advised that the unauthorized disclosure, unauthorized retention, or negligent handling of classified information by me could cause damage or irreparable injury to the United States or could be used to advantage by a foreign nation. I hereby agree that I will never divulge classified information to anyone unless: (a) I have officially verified that the recipient has been properly authorized by the United States Government to receive it; or (b) I have been given prior written notice of authorization from the United States Government Department or Agency (hereinafter Department or Agency) responsible for the classification of information or last granting me a security clearance that such disclosure is permitted. I understand that if I am uncertain about the classification status of information, I am required to confirm from an authorized official that the information is unclassified before I may disclose it, except to a person as provided in (a) or (b), above. I further understand that I am obligated to comply with laws and regulations that prohibit the unauthorized disclosure of classified information.

4. I have been advised that any breach of this Agreement may result in the termination of any security clearances I hold; removal from any position of special confidence and trust requiring such clearances; or termination of my employment or other relationships with the Departments or Agencies that granted my security clearance or clearances. In addition, I have been advised that any unauthorized disclosure of classified information by me may constitute a violation, or violations, of United States criminal laws, including the provisions of sections 641, 793, 794, 798, *952 and 1924, title 18, United States Code; *the provisions of section 783(b), title 50, United States Code; and the provisions of the Intelligence Identities Protection Act of 1982. I recognize that nothing in this Agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation.

5. I hereby assign to the United States Government all royalties, remunerations, and emoluments that have resulted, will result or may result from any disclosure, publication, or revelation of classified information not consistent with the terms of this Agreement.

6. I understand that the United States Government may seek any remedy available to it to enforce this Agreement including, but not limited to, application for a court order prohibiting disclosure of information in breach of this Agreement.

7. I understand that all classified information to which I have access or may obtain access by signing this Agreement is now and will remain the property of, or under the control of the United States Government unless and until otherwise determined by an authorized official or final ruling of a court of law. I agree that I shall return all classified materials which have, or may come into my possession or for which I am responsible because of such access: (a) upon demand by an authorized representative of the United States Government; (b) upon the conclusion of my employment or other relationship with the Department or Agency that granted me a security clearance or that provided me access to classified information; or (c) upon the conclusion of my employment or other relationship that requires access to classified information. If I do not return such materials upon request, I understand that this may be a violation of sections 793 and/or 1924, title 18, United States Code, a United States criminal law.

8. Unless and until I am released in writing by an authorized representative of the United States Government, I understand that all conditions and obligations imposed upon me by this Agreement apply during the time I am granted access to classified information, and at all times thereafter.

9. Each provision of this Agreement is severable. If a court should find any provision of this Agreement to be unenforceable, all other provisions of this Agreement shall remain in full force and effect.

10. These provisions are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by existing statute or Executive order relating to (1) classified information, (2) communications to Congress, (3) the reporting to an Inspector General of a violation of any law, rule, or regulation, or mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, or (4) any other whistleblower protection. The definitions, requirements, obligations, rights, sanctions, and liabilities created by controlling Executive orders and statutory provisions are incorporated into this agreement and are controlling.

*(Continue on reverse.)*

NSN 7540-01-280-5499
Previous edition not usable.

STANDARD FORM 312 (Rev. 7-2013)
Prescribed by ODNI
32 CFR PART 2001.80   E.O. 13526

11. These restrictions are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by Executive Order No. 13526 (75 Fed. Reg. 707), or any successor thereto section 7211 of title 5, United States Code (governing disclosures to Congress); section 1034 of title 10, United States Code, as amended by the Military Whistleblower Protection Act (governing disclosure to Congress by members of the military); section 2302(b) (8) of title 5, United States Code, as amended by the Whistleblower Protection Act of 1989 (governing disclosures of illegality, waste, fraud , abuse or public health or safety threats); the Intelligence Identities Protection Act of 1982 (50 U.S.C. 421 et seq.) (governing disclosures that could expose confidential Government agents); sections 7(c) and 8H of the Inspector General Act of 1978 (5 U.S.C. App.) (relating to disclosures to an inspector general, the inspectors general of the Intelligence Community. and Congress); section 103H(g)(3) of the National Security Act of 1947 (50 U.S.C. 403-3h(g)(3) (relating to disclosures to the inspector general of the Intelligence Community); sections 17(d)(5) and 17(e)(3) of the Central Intelligence Agency Act of 1949 (50 U.S.C. 403q(d)(5) and 403q(e)(3)) (relating to disclosures to the Inspector General of the Central Intelligence Agency and Congress); and the statutes which protect against disclosure that may compromise the national security, including sections 641, 793, 794, 798, *952 and 1924 of title 18, United States Code, and *section 4 (b) of the Subversive Activities Control Act of 1950 (50 U.S.C. section 783(b)). The definitions, requirements, obligations, rights, sanctions, and liabilities created by said Executive Order and listed statutes are incorporated into this agreement and are controlling.

12. I have read this Agreement carefully and my questions, if any, have been answered. I acknowledge that the briefing officer has made available to me the Executive Order and statutes referenced in this agreement and its implementing regulation (32 CFR Part 2001 , section 2001 .80(d)(2) ) so that I may read them at this time, if I so choose.

| * NOT APPLICABLE TO NON-GOVERNMENT PERSONNEL SIGNING THIS AGREEMENT. | | |
|---|---|---|
| SIGNATURE *Chelsea Manning* | DATE 2 9 MAY 2015 | SOCIAL SECURITY NUMBER *(See Notice below)* 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 |

ORGANIZATION (IF CONTRACTOR, LICENSEE, GRANTEE OR AGENT, PROVIDE: NAME, ADDRESS, AND, IF APPLICABLE, FEDERAL SUPPLY CODE NUMBER) *(Type or print)*
Office of The Judge Advocate General
2200 Army Pentagon
Washington, DC 20310-2200

| WITNESS | ACCEPTANCE |
|---|---|
| THE EXECUTION OF THIS AGREEMENT WAS WITNESSED BY THE UNDERSIGNED. | THE UNDERSIGNED ACCEPTED THIS AGREEMENT ON BEHALF OF THE UNITED STATES GOVERNMENT. |

| SIGNATURE | DATE | SIGNATURE | DATE |
|---|---|---|---|
| | | | |

| NAME AND ADDRESS *(Type or print)* Dennis Fangman Office of The Judge Advocate General 2200 Army Pentagon Washington, DC 20310-2200 | NAME AND ADDRESS *(Type or print)* Dennis Fangman Office of The Judge Advocate General 2200 Army Pentagon Washington, DC 20310-2200 |
|---|---|

## SECURITY DEBRIEFING ACKNOWLEDGEMENT

I reaffirm that the provisions of the espionage laws, other federal criminal laws and executive orders applicable to the safeguarding of classified information have been made available to me; that I have returned all classified information in my custody; that I will not communicate or transmit classified information to any unauthorized person or organization; that I will promptly report to the Federal Bureau of Investigation any attempt by an unauthorized person to solicit classified information, and that I (have) (have not) (strike out inappropriate word or words) received a security debriefing.

| SIGNATURE OF EMPLOYEE | DATE |
|---|---|
| | |

| NAME OF WITNESS *(Type or print)* | SIGNATURE OF WITNESS |
|---|---|
| | |

**NOTICE:** The Privacy Act, 5 U.S.C. 552a, requires that federal agencies inform individuals, at the time information is solicited from them, whether the disclosure is mandatory or voluntary, by what authority such information is solicited, and what uses will be made of the information. You are hereby advised that authority for soliciting your Social Security Number (SSN) is Public Law 104-134 (April 26, 1996). Your SSN will be used to identify you precisely when it is necessary to certify that you have access to the information indicated above or to determine that your access to the information indicated has been terminated. Furnishing your Social Security Number, as well as other data, is voluntary, but failure to do so may delay or prevent you being granted access to classified information.