IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Chelsea E. MANNING,
    Plaintiff,

        v.

James R. CLAPPER, *et al.*
    Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case: 1:16–cv–02307
Assigned To : Cooper, Christopher R.
Assign. Date : 11/14/2016
Description: Pro Se Gen. Civil

## **PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**

The Plaintiff, Chelsea E. Manning, moves the Court to appoint counsel to represent her in this case for the following reasons.

1.    The issues in this case involve classified information and documents in the interest of national security, and will require access to such information and documents.

2.    The issues in this case are complex, novel, obscure and will require specialize legal knowledge and experience.

3.    The Plaintiff is unable to articulate her theory of the case, or her understanding of the case, without disclosing classified information, that would normally be protected by attorney-client privilege, in possession of the Plaintiff to any prospective legal counsel.

4.    This case will likely have many *ex parte* filings, protective orders, discovery, depositions, and require sophisticated evidence collection. The Plaintiff is currently incarcerated at a military prison, and therefore it is difficult or impossible for her to handle these matters on her own.

5.    The conflicting and varied evidence and testimony in this case requires extensive witness preparation, and cross examination will be vital for presenting the Plaintiff's case.


Mail Room

NOV 1 8 2016

Angela [...]
S. Dis[...]ct Cour[...] D[...]ct of Co[...]

In support of this application, the Plaintiff respectfully refers the Court to the Complaint, the Memorandum in Support of Plaintiff's Motion for the Appointment of Counsel, the Plaintiff's Motion for a Protective Order, the Plaintiff's Declaration of Chelsea E. Manning in Support of a Protective Order, and the Declaration of Chelsea E. Manning in Support of the Plaintiff's Motion for the Appointment of Counsel.

A proposed order is attached.

WHEREFORE, this Court should appoint counsel to represent the Plaintiff in this matter.

CHELSEA E. MANNING
*Pro se*
1300 North Warehouse Road,
Fort Leavenworth, KS 66027-2304

November 15th, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Chelsea E. MANNING,
    Plaintiff,           )
                               )
        v.             )       Civil Action No. _____

James R. CLAPPER, *et al.,*
    Defendants.      )

## MEMORANDUM IN SUPPORT OF THE PLAINTIFF'S
## MOTION FOR THE APPOINTMENT OF COUNSEL

*Statement of the Case*

The Plaintiff alleges that the Defendants conducted clandestine and intrusive electronic surveillance and physical searches violating multiple rights of the Plaintiff as protected by the U.S. Constitution. The Plaintiff seeks declaratory and injunctive relief to remedy the violations of her rights guaranteed by the U.S. Constitution.

*Statement of the Facts*

In the Complaint, the Plaintiff alleges that the Defendants have conducted, and are conducting, clandestine and intrusive electronic surveillance and physical searches involving the Plaintiff without valid grounds or reasonable probable cause. The Plaintiff also contends that the Defendants are using unorthodox methods to conduct the electronic surveillance and physical searches, including computer network exploitation of personal computers and handheld communication devices, and the simulation of a terrorist attack, kidnapping, and hostage situation involving the Plaintiff.


Mail Room

NOV 1 8 2016

Angela ... ... C... ... of Cou..
U.S. District Court D... ... of Colu

**ARGUMENT**

*The All Writs Act*

1.      Under the All Writs Act this Court has the authority to "issue all writs necessary or appropriate in aid of [its] jurisdictions," 28 U.S.C. § 1651(a).  The U.S. Supreme Court "has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Tel. Co.*, 434 U.S. 159, 172, 98 S. Ct. 364, 54 L. Ed. 2d 376 (1977).

2.      In circumstances where this Court is not "confined by Congress," than the Court "may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *Id.*, at 172-73; *see also Douglas Timber Operators, Inc. v. Salazar*, 831 F. Supp. 2d 285, at 289-290 (D.C.D.C. 2011).

3.      Historically, the All Writs Act "has been applied 'flexibly,'" by this Court.  *Id.* (citing *New York Tel. Co.*).

*Unique and Unprecedented Circumstances*

4.      The matter currently before the Court is unique.   It is perhaps even unprecedented.

5.      This case is complex, involves national security matters, classified information and documents, *ex parte* filings, and numerous Defendants—each with a different role in the Plaintiff's claims.

6.      The Plaintiff's claims also involve controversial statutes under Titles I and III of the Foreign Intelligence Surveillance Act of 1978, as amended, 50 U.S.C. §§ 1801 *et seq.*

*This Action Involves Classified Information and Documents*

7.      The Plaintiff's theory of the case and her understanding of the facts in this case require her to disclose classified information to legal counsel in order for them to grasp the merits of the case.

8.      The issues in the entire case require classified information and documents that are protected in the interest of national security.  Both the Plaintiff and the Defendants possess classified information that is relevant to this case.  Additionally, the Defendants possess documents and records that are classified pursuant to Exec. Order 13526 and its predecessors.

*Plaintiff is Unable to Consult with any Legal Counsel*

9.      Against her intentions, the Plaintiff has been forced by these circumstances to file this action *pro se*.

10.     The Plaintiff is currently an inmate at a military prison.  However, this is a case involving FISA, 50 U.S.C. §§ 1801 *et seq.*, and not a prison conditions case.  Therefore, the existing rules and statutes regarding the appointment of counsel do not apply to her.  *See* 28 U.S.C. § 1915.

11.     The Plaintiff in this case cannot in good faith argue that she is indigent.  The Plaintiff has the financial means to obtain legal counsel.

12.     The Plaintiff already has legal counsel in other separate matters.  This includes a court-martial appeal, *United States v. Private First Class Chelsea E. Manning* (A.C.C.A. Case No. 20130739), and two other civil actions in this District, *Chelsea Manning v. Dep't of Justice* (D.C.D.C. Civ. No. 15-CV-01654-APM); *Chelsea Manning v. Carter* (D.C.D.C. Civ. No. 14-CV-01609-CKK).

13.     However, what complicates this case is that the Plaintiff lacks the means or authorization to communicate meaningfully with *anyone*—let alone prospective legal counsel—about the merits of her case.  This creates an untenable "catch-22" situation for the Plaintiff.

14.     The Plaintiff contends that her rights are being violated by the Defendants and wishes to seek redress.  Unfortunately, the Plaintiff's knowledge and understanding of these violations are based on justifiably classified information and documents.  Therefore the Plaintiff cannot consult with any legal counsel without permission.

15.     So, where does the Plaintiff go to receive authorization to discuss classified information with legal counsel?  The Plaintiff believes there is an answer to that question.

*The Court Should Appoint Temporary Counsel*
*for the Plaintiff under the All Writs Act*

16.     The Plaintiff contends that this Court should provide the Plaintiff with temporary counsel in conjunction with the Plaintiff's Motion for a Protective Order.

17.     The Plaintiff also contends that this Court is vested with the power to enact a temporary appointment of counsel under the All Writs Act, 28 U.S.C. § 1651(a), as this Court is not presently "confined by Congress." *New York Tel. Co.*, 434 U.S. 159, 172-173.  The Court is entrusted with the "sound judgment to achieve the ends of justice," and "may avail itself of all auxiliary writs as aids in the performance of its duties." *Id*., at 172-73; *see also Douglas Timber Operators, Inc. v. Salazar*, 831 F. Supp. 2d 285, at 289-290 (D.C.D.C. 2011).

18.     Allowing the Plaintiff to articulate her theory of the case and determine how to proceed with the case further will benefit the Plaintiff, the Defendants, and this Court, and would further the ends of justice in this matter.

*Conclusion*

For the foregoing reasons, this court should grant the Plaintiff's motion and temporarily appoint counsel to the Plaintiff in this case.

CHELSEA E. MANNING
*Plaintiff, pro se*
1300 North Warehouse Road
Fort Leavenworth, Kansas 66027-2304

November 15th, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Chelsea E. MANNING,
    Plaintiff,

        v.

James R. CLAPPER, *et al.*
    Defendants.

)
)
)
)
)
)
)
)
)
)

Civil Action No. _____

## DECLARATION OF CHELSEA E. MANNING
## IN SUPPORT OF THE PLAINTIFF'S MOTION
## FOR THE APPOINTMENT OF COUNSEL

1.    I, the undersigned declarant, Chelsea E. Manning, hereby state the following in support of this motion for the appointment of counsel.

2.    The complaint in this case alleges that the Defendants in this matter conducted clandestine and intrusive electronic surveillance and physical searches involving the Plaintiff without valid grounds or reasonable probable cause.  The complaint also alleges that the Defendants used unorthodox means to conduct the electronic surveillance and physical searches, including computer network exploitation of personal computers and handheld communication devices, and simulating a terrorist attack, kidnapping, and hostage situation.

3.    This is a very complex case because it involves classified information and documents protected in the interest of national security, contains numerous legal claims, some of which involve complex and unique legal theories, and involves obscure federal statutes.

4.    The case involves issues that will require expert consultants and expert testimony.

5.    This matter will likely require discovery of documents under a protective Order, *ex parte* filings, and an *in camera* review by the Court.



1

6.     The evidence and testimony in this matter will be in stark conflict, as the Plaintiff alleges that numerous constitutional rights were violated, while the defendants will deny that any events occurred.

7.     The Plaintiff is confined at a military prison in Kansas, and will have limited access to legal materials, and lacks meaningful ability to investigate the facts of the case, particularly in light of the involvement of classified information and documents.

8.     As set forth in the Memorandum in Support of Plaintiff's Motion for the Appointment of Counsel, these facts, along with the merit of Plaintiff's claims, support the appointment of counsel to represent the Plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

WHEREFORE, this Court should grant the Plaintiff's Motion for the Appointment of Counsel in this matter.

Executed:  November 15th, 2016

CHELSEA E. MANNING
*Pro se*
1300 North Warehouse Road,
Fort Leavenworth, KS 66027-2304